# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2020

Lyle W. Cayce
Clerk

No. 20-60659
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARVIN ROCEDREK BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-28-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Marvin Rocedrek Brown, federal prisoner # 17998-043, pleaded guilty in 2016 to conspiracy to commit money laundering, and the district court sentenced him to 240 months of imprisonment and a three-year term of supervised release. Brown is currently serving his sentence at the Oakdale

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60659

facility and recently sought compassionate release based upon the COVID-19 pandemic and his underlying medical condition of diabetes. The district court denied his 18 U.S.C. § 3582(c)(1)(A) motion to reduce his sentence, and Brown now appeals.

Brown asserts that the district court abused its discretion when it denied his motion for compassionate release because it gave undue weight to the 18 U.S.C. § 3553(a) sentencing factors as they existed at the time the district court sentenced him, rather than as they existed at the time he filed his motion for compassionate release. Additionally, he contends that the district court afforded insufficient weight to significant factors, such as the deficient response by the Bureau of Prisons (BOP) to the pandemic and the risk that Brown faces as a diabetic during the pandemic.

We review a district court's denial of a motion for a sentence reduction under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In conducting our review, we give deference to the district court's application of the § 3553(a) sentencing factors. *Id.* A district court abuses its discretion when "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Here, Brown's arguments do not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the § 3553(a) factors weighed against a compassionate release sentence reduction. *See Chambliss*, 948 F.3d at 693–94. Brown's mere disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Id.* at 694. It is evident from the district court's decision, which noted the discretionary nature of the relief requested and acknowledged Brown's medical issues and the number of Oakdale

No. 20-60659

inmates who have died from COVID-19, that it considered Brown's arguments in support of his request for release. The district court simply determined that the balance of the § 3553(a) factors did not favor a compassionate release reduction in his sentence. It was not unreasonable for the district court to afford greater weight to Brown's history and characteristics, the amount of time served on his sentence, and the need to protect the public from further crimes by Brown than the weight it placed upon his medical issues, the impact of the pandemic at Oakdale, and the BOP's response to the pandemic. *See Chambliss*, 948 F.3d at 693–94; § 3553(a)(1), (a)(2)(C); U.S.S.G. § 1B1.13(2), p.s.

AFFIRMED.